IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN CORNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   2:20-cv-1589 |
| ) | |
| GLADIATOR ENERGY LLC, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff Steven Cornell ("Cornell") files this Complaint against Gladiator Energy LLC ("Gladiator") seeking damages for the discrimination he was subjected to at work and for the unlawful termination of his employment.

## **THE PARTIES**

1. Steve Cornell is a 60-year-old male who resides in Weston, West Virginia.

2. Gladiator Energy LLC is a limited liability company organized under the laws of Delaware with a headquarters at 3200 SW Freeway, Suite 1275, Houston, Texas 77027.

3. At all relevant times, Gladiator continuously employed more than 20 employees and was a covered employer as defined by the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*).

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Cornell's claims arise under the laws of the United States and Cornell seeks redress for violations of federal laws.

5. The Court also has jurisdiction over this action pursuant to 28 U.S.C. §

1332(a) in that it is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b)(2) as a substantial part of the events or omissions giving rise to Cornell's claims occurred while working at a Gladiator location in Smithton, Pennsylvania.

## FACTUAL BACKGROUND

7. Gladiator offers a wide range of support services to the oil and energy industries. Their mission is to serve the industry as the premier provider of well and downhole service solutions by developing mutually beneficial products, processes and services.

8. In November 2018, Gladiator acquired the assets of WISE Intervention Services, Inc. ("WISE"), an oil and gas services business for which Cornell previously worked.

9. Gladiator is privately owned and is managed by Chief Executive Officer Steven Cloy Gantt.

10. Cornell's career in the oilfield services industry stretches back 39 years and includes stints as an operator, manager, salesman, and director. Cornell is an expert in the oilfield services industry and spent the past 28 years of his career in a manager and/or executive capacity.

11. Prior to the acquisition by Gladiator, Cornell served as U.S. Region General Manager for WISE. In this role, Cornell had complete responsibility for the U.S. market and reported directly to the CEO.

12. Cornell was retained by Gladiator as Director of Marketing and Business

Development.  Cornell was never provided with an official job description.  Instead, when Cornell asked for clarification on his job responsibilities, Gantt simply instructed Cornell to "get the Gladiator name out there."

13.     Cornell did get the Gladiator name out there by regularly traveling to meet with customers and vendors in Michigan, New York, Ohio, Pennsylvania, and West Virginia.  Further, Cornell was active in oil and gas associations in multiple states and attended industry events.

14.     In June of 2019, Cornell planned to attend the DUG East Conference in Pittsburgh, PA.  Prior to the conference, Cornell received a call advising him that Gladiator COO Brad Slayton had other employees attending the conference and that Gantt no longer wanted Cornell to attend.

15.     Cornell was instructed by Gantt to focus on the "small pipe" work.  Cornell did just this and was responsible for generating revenue that far outweighed his costs to the company.

16.     Cornell knew that he was being underutilized and regularly reached out to Gantt offering to take on a larger role with the sales team.  Throughout this period, Cornell heard that negative comments were being made about his age by Gladiator management.

17.     Finally, on July 18, 2019, Gantt called Cornell and asked him to help with sales.  Cornell got to work immediately and scheduled a meeting of the sales team for the following Monday, July 22, 2019.

18.     Just one day later, on July 23, 2019, Cornell was surprised to see an advertisement by Gladiator on LinkedIn looking for a Business Development/Sales

Lead, the position Cornell thought Gantt had recently been assigned to him.

19. On August 13, 2019, Cornell arrived at the Smithton office for what he believed was going to be a meeting of the sales team with Gantt present. He was introduced to Rebekah Barnes who had been hired to lead the sales team in response to the aforementioned advertisement. Based upon information and belief, Ms. Barnes is in her 30's.

20. At the end of the day, Gantt called Cornell outside and told him that he was letting him go. Gantt stated "with all of the younger engineers out there, we are going to go with a younger sales force."

21. Prior to his firing, Cornell had never been reprimanded, advised that he was not meeting expectations, or provided a formal job description.

22. Two additional Gladiator employees, both also over the age of 40, were terminated that same day. Allen Hoehn was a 58-year-old salesman.

### Cornell's Exhaustion of his Administrative Remedies

23. On November 13, 2019, Cornell filed a Charge of Discrimination ("Charge") against Gladiator, alleging age discrimination.

24. Cornell's Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

25. By letter dated August 19, 2020, the EEOC notified Cornell of his right to file a civil action against Gladiator.

26. Cornell has initiated this civil action within 90 days of receiving the EEOC's Right to Sue letter.

27. Accordingly, Cornell has exhausted his administrative remedies under

federal law.

## **STATEMENT OF CLAIMS**

### **Count One**
### **Violations of the Age Discrimination in Employment Act**
### **(Cornell v. Gladiator)**

28. Cornell incorporates by reference the allegations in Paragraphs 1 through 27 as if fully set forth herein.

29. Gladiator discriminated against Cornell, on the basis of his age and in violation of the ADEA, by firing Cornell because he is over 40 years old.

30. The acts and omissions by Gladiator that are described in this Complaint constitute unlawful discrimination under the ADEA.

31. As a proximate cause of Gladiator's conduct, Cornell has or will suffer substantial harm, for which Cornell seeks general, consequential, and liquidated damages.

### **Requests for Relief**

Accordingly, Cornell requests that this Court enter judgement on his behalf and enter an order directing the award of other relief, as follows:

A. Finding that Gladiator violated the ADEA;

B. Awarding Cornell back pay, front pay, lost benefits, and other emoluments of employment and such other relief as is necessary to make him whole;

C. Awarding Cornell liquidated damages under the ADEA;

D. Awarding Cornell attorneys' fees and costs;

E. Awarding Cornell pre- and post-judgment interest as provided by law; and

F. Awarding Cornell any other relief to which he is entitled and/or which this

Court deems necessary and proper.

A jury trial is demanded for all claims triable by jury.

                                                Respectfully submitted,

                                                <u>/s/Ryan M. Carroll</u>
                                                Ryan M. Carroll
                                                PA I.D. No 205851
                                                rcarroll@edgarsnyder.com
                                                Edgar Snyder & Associates
                                                US Steel Tower, 10th Floor
                                                600 Grant Street
                                                Pittsburgh, PA 15219
                                                TELEPHONE: (412)394-4496
                                                FACSIMILE: (412)391-7032

                                                **COUNSEL FOR PLAINTIFF**